IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.P., *a minor child, by and through his mother and legal guardian*, NATALIE PROSHEK,<br><br>Plaintiff,<br><br>v.<br><br>DEAN BURKE, M.D., *in his official capacity as Commissioner of the Georgia Department of Community Health*,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 1:25-cv-00209-TRJ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO DISQUALIFY PLAINTIFF'S COUNSEL AND FOR OTHER SANCTIONS**

Defendant's motion to dismiss is without merit and is due to be denied. Neither Plaintiff nor Plaintiff's counsel have engaged in any inappropriate or unethical conduct. Dr. Barr's Letter of Medical Necessity [Doc. 1-3] was reviewed by her and voluntarily adopted as her own by placing it on her practice letterhead and signing the letter. Similarly, the Skilled Nursing Care Worksheet [Doc. 53-3] was filled out by Christina Stubbs, R.N., contained her recommendation for skilled nursing hours for J.P., and was voluntarily signed by her. Additionally, the

documents were accurate at the time they were created and signed. Defendant has conducted ample discovery as to the creation and content of these documents. He has failed to demonstrate any compelling need for Plaintiff's counsel to testify regarding these documents or any other matters. Finally, dismissal and sanctions are not appropriate as Plaintiff's counsel has not engaged in any inappropriate behavior.

## I. Plaintiff and Plaintiff's Counsel have not engaged in any inappropriate or unethical conduct.

Defendant claims that Plaintiff's counsel's involvement in the creation or drafting of two documents in this case – Dr. Barr's Letter of Medical Necessity [Doc. 1-3] and the Skilled Nursing Care Worksheet [Doc. 53-3] – submitted on behalf of J.P. to request an increase in his skilled nursing hours through GAPP renders these documents "tainted and must be considered unreliable." [Doc. 85-1 at 3]. Defendant attacks the creation and source of these documents as tainted but fails to demonstrate that they were not fully and voluntarily adopted by the clinicians who signed them and put them forth as their own, or that the documents are inaccurate or misrepresent J.P.'s conditions or nursing care needs.

Prior to filing the instant motion to dismiss, Defendant conducted discovery regarding the Letter of Medical Necessity and the Skilled Nursing Care Worksheet. Defendant deposed Christina Stubbs, R.N. on December 17, 2025, Dr. Tracy Barr

on January 29, 2026, Maria Terry, R.N. on February 6, 2026, and Natalie Proshek on February 11, 2026.[1] Defendant's counsel inquired of these witnesses into the source, creation, and adoption of these documents. Yet his motion is bereft of any reference to the testimony of these witnesses. The testimony of these witnesses reveals that the documents were accurate as to J.P.'s conditions and skilled nursing care needs at the time they were created and that each document was voluntarily adopted by the signatory clinicians.

**A. Dr. Barr's Letter of Medical Necessity**

Ms. Proshek asked Plaintiff's counsel to prepare the initial draft of Dr. Barr's Letter of Medical Necessity requesting 140 hours per week of private duty nursing services based on Plaintiff's nursing care plan and his condition and nursing care needs at that time. [Ex. A – Plaintiff's Response to Def's Interrogatory No. 6]. Ms. Proshek made edits and comments to drafts of the letter. [*Id*.]. Plaintiff's counsel incorporated Ms. Proshek's edits and made further edits to the draft Letter of Medical Necessity. [*Id*.]. A final draft of Exhibit A was presented to Dr. Tracy Barr, J.P.'s treating pediatrician, for review. [*Id*.].

[1] As of the filing of Plaintiff's Response, the court reporter for Ms. Proshek's deposition has not yet produced a copy of the transcript.

Dr. Barr testified in her deposition that she did not write the letter of medical necessity. [Ex. B - Barr Dep. 166:7-12; 199:3-5]. She testified that the recommendation of 140 hours per week of skilled nursing care did not originate with her. [*Id.*, 168:20-23]. She was offered an opportunity to review the draft letter of medical necessity and make any edits she deemed necessary. [*Id.*, 199:6-11]. She agreed with the contents of the letter of medical necessity. [*Id.*, 166:14-25]. She found the draft letter to be accurate as to J.P.'s conditions and skilled nursing care needs. [*Id.*, 167:1-9; 199:15-23]. The letter was presented to her, she agreed with it, and she signed it. [*Id.*, 167:10-16]. Dr. Barr affirmatively adopted the letter by placing it on her practice letterhead and signing the letter. [*Id.*, 199:24-25, 200:1]. Dr. Barr did not receive any benefit or compensation for adopting the letter of medical necessity as her own and signing it. [*Id.*, 189:10-18].

**B. The Skilled Nursing Care Worksheet**

Christina Stubbs is the Area Director of Operations for Aveanna Healthcare. [Doc. 53-4 at 1]. Aveanna is the nursing provider for J.P. [*Id*. at 2]. Ms. Stubbs testified that she created the Skilled Nursing Care Worksheet form in collaboration with Plaintiff's counsel. [Ex. C – Stubbs Depo. 80:22-25, 81:1-2, 81:10-20]. She also collaborated with Maria Terry, R.N., a nurse who supervises J.P.'s ongoing nursing care for Aveanna, in filling out the Worksheet. [*Id*., 96:7-13]. Ms. Stubbs

uses the worksheet to help paint a better picture of what specifically is going on with a client. [*Id*., 79:3-4.]. The Worksheet is used to show the amount of time that is spent caring for a child at home and what care requires complex observation and critical decisions, which are typically nursing tasks. [*Id*., 81:10-20]. Ms. Stubbs thinks the Worksheet helps break down the medical needs of patients and how much time of the day is being spent having to manage those medical needs. [*Id*., 79:4-6].

To prepare the Worksheet, Ms. Stubbs reviewed J.P.'s plan of care, any new physician orders, nursing documentation, and hospital notes. [*Id*., 85:25 – 86:5]. Ms. Stubbs filled out the majority of the Worksheet and Ms. Terry provided some input. [*Id*. 86:6-10]. The recommendation for 24 hours per day of skilled nursing care was Ms. Stubbs'. [*Id*., 97:3-8]. She came to that recommendation of her own accord. [*Id*., 138:9-16]. Ms. Stubbs made the recommendation in her capacity as a registered nurse. [*Id*., 99:2-5]. She believes the information in the Worksheet supports the medical necessity of 24 hours per day of skilled nursing care for J.P. [*Id*., 98:4-16]. She had a physician sign the Worksheet to show that the physician also recommended the 24 hours per day of skilled nursing for J.P. [*Id*., 97:16 – 98:1]. Dr. Kimberly Dickinson, a pulmonologist, signed the Skilled Nursing Care Worksheet. [*Id*., 123:8-13].

Ms. Stubbs has assisted Plaintiff's counsel because she has a passion for helping medically fragile children. [*Id*., 119:1-18]. Ms. Stubbs has not received any compensation from Plaintiff's counsel. [*Id*., 120:2-4].

## II. Dismissal with Prejudice or the Imposition of Sanctions is not supported by the record or the law.

The 11th Circuit has repeatedly emphasized that dismissal with prejudice is an extreme sanction and is proper only where a party engages in a clear pattern of delay or willful contempt and the court finds that lesser sanctions would not suffice. See *Betty K Agencies*, 432 F.3d at 1338; citing to *Gratton v. Great Am. Communs.*, 178 F.3d 1373, 1375 (11th Cir. 1999) (finding dismissal appropriate in light of the plaintiff's failure to produce promised audio recordings, intentional misidentification of a witness, ignoring court orders to release medical records, and missing a reconsideration hearing demonstrated willful disregard for the court's directives.)

Similarly, sanctions are only justified where a party knowingly provides false or fabricated evidence, causing prejudice. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (finding sanctions appropriate and upheld dismissal where the plaintiff filed suit claiming damages due to a defective vehicle he did not own); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (finding sanctions appropriate where defendant

was aware of a document in its files relevant to the plaintiff's case, sought by the plaintiff through interrogatories, and knowingly failed to disclose the document); *Frazier v. Southeast Georgia Health System, Inc.*, No. 24-10976, 2024 U.S. App. LEXIS 24682 (11th Cir. Oct. 1, 2024) (per curiam)(finding dismissal appropriate where plaintiff introduced video evidence represented as taken in a specific time and place, but was not actually from that time and place).

Here, Defendant has failed to allege, must less show, Plaintiff engaging in a clear pattern of delay or willful contempt. Defendant also cannot show that either Plaintiff or Plaintiff's counsel have fabricated or misrepresented **any** evidence. The two documents in question were based upon J.P.'s conditions and care needs at the time they were created, accurately described his conditions and care needs, and were fully and voluntarily adopted and signed by licensed clinicians knowledgeable of J.P.'s conditions and care needs. Neither dismissal nor sanctions are appropriate.

## III. Plaintiff's Counsel in not a necessary witness and is not subject to disqualification.

Defendant claims Plaintiff's counsel is a necessary witness and seeks to disqualify him as such. Defendant identifies five (5) areas of inquiry about which he believes he needs to depose Plaintiff's counsel. [Doc. 85-1 at 20]. Defendant

already has much of the evidence he seeks through the testimony of Dr. Barr, Ms. Stubbs, Ms. Terry, and Ms. Proshek.

"While the Federal Rules do not explicitly disallow the deposition of opposing counsel, '[f]ederal courts ... have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case.'" *Floyd v. Suntrust Banks, Inc.*, 1:10-cv-2620-RWS, 2011 WL 2604818, at *2 (N.D. Ga. Jun. 30, 2011) (quoting *West Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990)). This Court has utilized a three-pronged analysis from the Eighth Circuit to determine when it is appropriate to depose opposing counsel. *Floyd*, 2011 WL 2604818 at *2 (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *see also Bivens v. Select Portfolio Servicing, Inc.* 1:14-cv-1569-ODE, 2015 WL 11256612 at *8 (N.D. Ga. Nov. 19, 2015) (applying *Shelton*); *Crittendon v. Int'l Follies, Inc.*, 1:18-cv-2185-ELR, 2020 WL 13526705, at *6 (N.D. Ga. Sept. 30, 2020) (citing *Floyd* and *Shelton*). "Under *Shelton*, the party seeking to take the deposition must show that '(1) no other means exist to obtain this information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Floyd*, 2011 WL 2604818, at *2 (quoting *Shelton*, 805 F.2d at 1327).

Each of the five (5) areas of inquiry identified by Defendant fail the *Shelton* test.

1. *The process, if any, by which Mr. Norris arrived at the 140 hours and 168 hours per week he and his client determined and recommended as medically necessary for J.P. in the LOMN and the Skilled Nursing Order, respectively.*

Defendant has already obtained this information. Ms. Proshek testified at her deposition[2] that she determined that 140 hours per week necessary for J.P. based primarily upon his 19-hour J-tube feeding schedule and his difficulty tolerating his feedings. [*See also* Ex. A]. She then directed Plaintiff's counsel to prepare a letter of medical necessity for Dr. Barr's review. Similarly, Ms. Stubbs testified that the recommendation for 24 hours per day of skilled nursing care for J.P. in the Skilled Nursing Care Worksheet was her recommendation and it was based upon all the skilled nursing care needs and timeframes for those nursing needs she identified in the Worksheet.

This area of inquiry seeks attorney work product as it seeks Plaintiff's counsel's trial strategy, mental impressions, conclusions, opinions, or legal theories.

---

[2] Plaintiff's counsel will provide the relevant transcript excerpt of Ms. Proshek's testimony as soon as it is produced by the court reporter.

This information is not crucial to Defendant's preparation of the case as Defendant has already obtained it.

2. *The basis for the factual allegations and other medical opinions Mr. Norris and his client drafted into the LOMN and Skilled Nursing Order.*

Again, Defendant has already obtained this information. Ms. Proshek based the 140 hours per week of skilled nursing care in the Letter of Medical Necessity on Plaintiff's nursing care plan and his condition and nursing care needs at that time. [*See* Ex. A]. Ms. Stubbs testified that she prepared the Skilled Nuring Care Worksheet based on J.P.'s plan of care, any new physician orders, nursing documentation, and hospital notes.

This area of inquiry seeks attorney work product as it seeks Plaintiff's counsel's trial strategy, mental impressions, conclusions, opinions, or legal theories.

This information is not crucial to Defendant's preparation of the case as Defendant has already obtained it.

3. *How Mr. Norris obtained the cooperation and assistance of Dr. Barr, Dr. Dickinson, Christina Stubbs, Maria Terry, and others in these matters over a period of several years in some cases.*

Defendant has much of this information. Dr. Barr testified about her interactions with Plaintiff's counsel. Ms. Stubbs and Ms. Terry testified regarding

their contacts and communications with Plaintiff's counsel. Defendant chose not to depose Dr. Dickinson.

This area of inquiry seeks attorney work product as it seeks Plaintiff's counsel's trial strategy, mental impressions, conclusions, opinions, or legal theories.

This information is not crucial to Defendant's preparation of the case as it is irrelevant to Plaintiff's claims.

4. *Whether Mr. Norris has created any other documents offered or that will be offered into the evidence of this case.*

This area of inquiry seeks attorney work product as it seeks documents prepared in anticipation of litigation and seeks Plaintiff's counsel's trial strategy, mental impressions, conclusions, opinions, or legal theories.

This information is not crucial to Defendant's preparation of the case as it is irrelevant to Plaintiff's claims.

5. *Whether Mr. Norris has created any other "test" documents, orders, or other medical records that were rejected by medical professionals he solicited or contacted, or who were solicited or contacted on his behalf.*

This area of inquiry seeks attorney work product as it seeks documents prepared in anticipation of litigation and seeks Plaintiff's counsel's trial strategy, mental impressions, conclusions, opinions, or legal theories.

This information is not crucial to Defendant's preparation of the case as it is irrelevant to Plaintiff's claims.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss, or in the alternative, to Disqualify Plaintiff's Counsel and for other Sanctions.

## Certificate of Compliance

In accordance with LR 7.1D, Plaintiff's counsel certifies that this Response has been prepared in 14-point Times New Roman font, approved by the court in LR 5.1B.

Respectfully submitted this 5th day of March, 2026.

s/ Joshua H. Norris
Georgia Bar No. 545854
*Attorney for Plaintiff*

**Law Office of Joshua H. Norris, LLC**
One West Court Square
Suite 750
Decatur, Georgia 30030
Telephone: (404)867-6188
Facsimile: (404)393-9680
E-Mail: josh.norris@childrenshealthlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or, in the alternative, to Disqualify Plaintiff's Counsel and for Other Sanctions** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

Submitted this 5th day of March, 2026.

s/ Joshua H. Norris
Georgia Bar No. 545854

*Attorney for Plaintiff*