**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| J.P., *a minor child, by and through his mother and legal guardian,* NATALIE PROSHEK, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:25-cv-00209-TRJ |
| Dean Burke, M.D., *in his official capacity as Commissioner of the Georgia Department of Community Health.* | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES ARISING FROM ATTORNEY MISCONDUCT**

Defendant respectfully moves for an award of attorney's fees as directed by the Court at the June 12, 2026, evidentiary hearing on Defendant's Motion to Dismiss or, in the alternative, Motion to Disqualify Plaintiff's Counsel and for Other Sanctions. Defendant's request for fees is based on the Court's inherent authority to sanction bad-faith litigation misconduct, or, in the alternative, 28 U.S.C. § 1927. And, to the extent the Court deems it applicable, Federal Rule of Civil Procedure 11 also provides sanctions authority. In support of its motion, Defendant shows the Court the following:

The Court found that Plaintiff's counsel engaged in serious litigation misconduct, including fabrication of evidence, misrepresentation of the authorship and provenance of that evidence, and related bad-faith conduct affecting the integrity of these proceedings. The Court declined to dismiss the action, but it disqualified Plaintiff's counsel, imposed other sanctions and remedial measures, and expressly ruled that Defendant would recover the attorney's fees it incurred because of Plaintiff's counsel's misconduct in this action. This motion is submitted to re-state the legal basis for that award and to request entry of an order fixing the amount.

Federal courts possess inherent power to fashion sanctions for conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). That inherent power includes the authority to award attorney's fees when a party or attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers*, 501 U.S. at 45-46. The Local Rules likewise recognize the Court's inherent authority to impose appropriate penalties and sanctions related to attorney misconduct. *See generally* LR 83.1F(1), N.D. Ga.

In the Eleventh Circuit, the "key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). The Court has already made the findings necessary to support an award. The Court's findings that Plaintiff's counsel fabricated evidence, misrepresented its source and

provenance, and otherwise engaged in bad-faith conduct directed at the Court and at administrative decisionmakers more than satisfy the governing standard for a fee award under the Court's inherent authority.

A fee award under the Court's inherent power must be compensatory rather than punitive and therefore limited to the fees the innocent party would not have incurred but for the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108-11 (2017). That standard is satisfied here. But for the misconduct found by the Court, Defendant would not have been required to investigate the fabrication and provenance issues, subpoena and depose multiple witnesses on those subjects, litigate the work-product and sealing disputes concerning the communications around counsel's April 10, 2025, email and draft worksheet, brief and present the Motion to Dismiss or, in the alternative, to Disqualify Plaintiff's Counsel and for Other Sanctions, oppose Plaintiff's related motions, prepare for and participate in the evidentiary hearing, and litigate the collateral sanctions issues that followed. Those efforts were necessitated by Plaintiff's counsel's misconduct and were incurred solely to expose, prove, and remedy that misconduct. Under *Goodyear*, the fees and expenses incurred for that work are fully recoverable.

In addition to the Court's inherent authority to impose sanctions, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute when the attorney's conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006); *see also Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."). Plaintiff's counsel's egregious misconduct has severely multiplied the proceedings.

As detailed at the evidentiary hearing, the misconduct began before the Complaint was filed. The Letter of Medical Necessity ("LOMN") was prepared by Mr. Norris and Natalie Proshek without any input from Dr. Tracy Barr and it was presented and misrepresented to Alliant as Dr. Barr's independently generated medical opinion. The LOMN Mr. Norris and Ms. Proshek prepared formed the basis for Plaintiff's Complaint and was presented to this Court as Exhibit "A" in support of Plaintiff's claims. The LOMN was also entered into evidence at the February 10, 2025, hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. The fabricated LOMN was the genesis for this litigation. Therefore, it is Defendant's position that the <u>entirety</u> of this litigation springs from

a document containing dubious allegations of fact and attorney-and-client-generated medical opinions and conclusions that never should have been placed into the record or used as evidence in this matter. To the extent genuine issues of fact and law may exist in this case, it is impossible to fully separate and parse those issues from their manufactured origins in the LOMN. For that reason, it is not possible to precisely determine how much time was devoted to litigating potentially genuine issues of law and fact versus how much time was devoted to litigating attorney-generated issues and documents.

The Eleventh Circuit has repeatedly recognized that a district court may award fees under its inherent power when an attorney's bad-faith conduct has multiplied proceedings or otherwise corrupted the judicial process. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). This is precisely such a case. The Court's findings establish not merely negligence, poor judgment, or overaggressive advocacy, but deliberate misconduct that compromised the evidentiary foundation of Plaintiff's claims and required Defendant's counsel to devote substantial attorney time to addressing it. An award of fees is therefore both authorized and necessary to compensate Defendant for the expenses caused by that bad-faith conduct.

The amount sought is reasonable under the lodestar method. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Pursuant to Local Rule 54.2, Defendant has attached hereto as Exhibit "A" the Declaration of the undersigned counsel, together with a detailed itemization of the fees and expenses incurred, which establish the reasonableness of the hourly rates charged and the time expended. The requested fees and expenses are categorized as (a) those directly related to identifying, developing, briefing, proving, and seeking relief for the misconduct found by the Court which Defendant contends should be fully recoverable and (b) mixed work (i.e. work directed to addressing potentially genuine issues of fact and law, but intermixed with work attributable to fabricated statements of fact, medical opinions, and conclusions from the outset of the case). Defendant's counsel has exercised reasonable billing judgment to identify the work fairly attributable directly to the misconduct as shown in the table below and as supported by the Declaration and billing records submitted with Defendant's motion. With respect to the mixed work and associated expenses (which Defendant submits is the remainder of the work), Defendant submits that *at least* 50% of the billed amounts is attributable to the misconduct. Defendant nevertheless defers to the Court to apply a percentage to the billed fees and expenses for mixed work consistent with *Goodyear*.

Alternatively, and only to the extent the Court determines that its prior sanctions ruling also rests in whole or in part on Rule 11, the same fee award is warranted under Rule 11(b)-(c). Rule 11 authorizes a sanction "limited to what suffices to deter repetition," including, when imposed on motion and warranted for effective deterrence, "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The Court indicated at the hearing that counsel's conduct was "in Rule 11 territory." The same misconduct that supports a fee award under the Court's inherent authority (i.e. fabrication of evidence, false presentation of authorship and provenance, and bad-faith litigation conduct) and 28 U.S.C. § 1927 also falls within Rule 11's prohibition against presenting papers to the Court for improper purposes and without evidentiary support. *See* Fed. R. Civ. P. 11(b). Accordingly, if the Court concludes that Rule 11 provides an additional or alternative basis for the fee award it has already determined necessary to impose, Defendant respectfully requests that the Court so hold and award the same fees on that basis as well.

Procedurally, this request is properly presented by motion. See Fed. R. Civ. P. 54(d)(2); N.D. Ga. L.R. 54.2(A). Local Rule 54.2 expressly contemplates that

attorney's fees may be sought by special written motion where fees "may be sought under the equitable or inherent powers of the Court," and further provides for submission of a detailed itemization with supporting affidavits. N.D. Ga. L.R. 54.2(A)(1)-(3). Because the Court has already determined entitlement and directed that Defendant recover its fees incurred in connection with the misconduct, only the amount remains to be fixed. As shown by the Declaration and billing records submitted herewith, the following tables summarize the fees and expenses directly attributable to the misconduct and the fees and expenses related to mixed work with the proposed percentage of 50% applied:

**<u>Fees and Expenses Table – Directly Attributable to Misconduct</u>**

| | | Full Attribution | | |
|---|---|---|---|---|
| TIMEKEEPER | Rate | Units | Billed (Actual) | Requested |
| G. STINER | $225-$235 | 383.00 | $ 88,611.00 | $ 88,611.00 |
| D. CLARK | $225-$235 | 20.40 | $ 4,794.00 | $ 4,794.00 |
| H. ERVIN | $225-$235 | 5.20 | $ 1,212.00 | $ 1,212.00 |
| M. OLDENBURG | $225-$235 | 2.70 | $ 634.50 | $ 634.50 |
| B. BURKE | $85-95 | 19.20 | $ 1,756.00 | $ 1,756.00 |
| J. STINER | $85-95 | 2.50 | $ 237.50 | $ 237.50 |
| **Subtotal Fees** | | | $ 97,245.00 | **$ 97,245.00** |
| Expenses | - | | $ 6,330.88 | $ 6,330.88 |
| **Grand Total** | | 433.00 | $ 103,575.88 | **$ 103,575.88** |

**Fees and Expenses Table – Mixed Work**

| Mixed Attribution | | | | |
|---|---|---|---|---|
| Requested Percentage Covered | 50% | | | |
| **TIMEKEEPER** | **Rate** | **Units** | **Billed (Actual)** | **Requested** |
| G. STINER | $225-$235 | 346.60 | $ 78,911.00 | $ 39,455.50 |
| D. CLARK | $225-$235 | 1.20 | $ 282.00 | $ 141.00 |
| H. ERVIN | $225-$235 | 2.20 | $ 495.00 | $ 247.50 |
| M. OLDENBURG | $225-$235 | 0.30 | $ 67.50 | $ 33.75 |
| B. BURKE | $85-95 | 10.10 | $ 889.50 | $ 444.75 |
| J. STINER | $85-95 | 10.00 | $ 892.00 | $ 446.00 |
| **Subtotal Fees** | | | $ 81,537.00 | **$ 40,768.50** |
| Expenses | | | $ 9,813.63 | $ 4,906.82 |
| **Grand Total** | | 370.40 | $ 91,350.63 | **$ 45,675.32** |

**Additional Fees Table - Motion**

| Motion for Award of Fees | | | | |
|---|---|---|---|---|
| TIMEKEEPER | Rate | Units | Billed (Actual) | Requested |
| G. STINER | $ 235.00 | 13.70 | $ 3,219.50 | $ 3,219.50 |
| D. CLARK | $ 235.00 | 0.00 | $ - | $ - |
| H. ERVIN | $ 235.00 | 0.00 | $ - | $ - |
| M. OLDENBURG | $ 235.00 | 0.00 | $ - | $ - |
| B. BURKE | $ 95.00 | 0.00 | $ - | $ - |
| J. STINER | $ 95.00 | 9.90 | $ 940.50 | $ 940.50 |
| Expenses | - | | $ - | $ - |
| Total | | 23.60 | $ 4,160.00 | **$ 4,160.00** |

*See* Declaration of Gary V. Stiner, Jr. attached hereto as Exhibit "A" and attachments "A-1" and "A-2."

But for the misconduct, the total billed to the Georgia Department of Community Health for this matter would have been very substantially less.

WHEREFORE, the Georgia Department of Community Health respectfully requests that the Court enter an order awarding Defendant its reasonable and necessary attorney's and other legal fees incurred in connection with the misconduct found by the Court in the total amount of $142,173.50,[1] or in such other amount as the Court finds supported by the record, together with expenses totaling $11,237.70.[2]

**Local Rule 7.1D Certificate**

By signature below, counsel certifies that this pleading is prepared in Times New Roman, 14 pt. font, in compliance with Local Rule 5.1B.

Respectfully submitted this 22nd day of June, 2026.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| JASON S. NAUNAS<br>Senior Asst. Attorney General | 142051 |
| MICHELLE W. LEGRANDE<br>Senior Asst. Attorney General | 714924 |

[signature block continues next page]

[1] $97,245.00 + $40,768.50 + $4,160.00 = $142,173.50.
[2] $6,330.88 + $4,906.82 = $11,237.70.

JOCELYN R. CURRY 142878
Assistant Attorney General

OLDENBURG & STINER, P.C.

BY: */s/ Gary V. Stiner, Jr.*
Gary V. Stiner, Jr.
Georgia Bar No. 682559
Special Assistant Attorney General

*Attorneys for Defendant*

ADDRESS ALL
COMMUNICATIONS TO:

Gary V. Stiner, Jr.
2004 Commerce Drive
Suite 200
Peachtree City, GA 30269
Telephone: 770.632.9500
Facsimile: 770.632.0123
gstiner@oldenburgstiner.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.P., *a minor child, by and through his mother and legal guardian,* NATALIE PROSHEK, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:25-cv-00209-TRJ |
| v. | |
| Dean Burke, M.D., *in his official capacity as Commissioner of the Georgia Department of Community Health.* | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorney of record, if any. A copy of the foregoing has also been mailed to:

Natalie Proshek
2584 Marleigh Farm Road, N.W.
Kennesaw, Georgia 30152

-and-

Joshua H. Norris, via email josh.norris@childrenshealthlaw.org

This 22nd day of June, 2026.

*/s/ Gary V. Stiner, Jr.*
*Gary V. Stiner, Jr.*
*Attorney for Defendant*